AO 245B (Rev. 02/18)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Western District of Pennsylvania

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| TERRY CHASE WHITE | ) | Case Number: 1:18cr00024 |
| | ) | USM Number: 43126-060 |
| | ) | Leon A. Parker, AFPD |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 2252(a)(2) and 2252(b)(1) | Receipt of material depicting the sexual exploitation of a minor | 7/31/2018 | 1 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   2   ☑ is   ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/29/2019
Date of Imposition of Judgment

s/ DAVID STEWART CERCONE
Signature of Judge

David Stewart Cercone, Senior United States District Judge
Name and Title of Judge

8/1/2019
Date

AO 245B (Rev. 02/18)  Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page  2  of  8

DEFENDANT   TERRY CHASE WHITE
CASE NUMBER: 1:18cr00024

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

80 months at Count 1.

☒ The court makes the following recommendations to the Bureau of Prisons:

The court recommends that defendant be designated to a Bureau of Prisons facility in close proximity to High Point, North Carolina for family considerations.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page  3  of  8

DEFENDANT: TERRY CHASE WHITE
CASE NUMBER: 1:18cr00024

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

Five (5) years at Count 1.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 8

DEFENDANT TERRY CHASE WHITE
CASE NUMBER: 1:18cr00024

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (Rev. 02/18)  Judgment in a Criminal Case
Sheet 3B — Supervised Release

Judgment—Page 5 of 8

DEFENDANT   TERRY CHASE WHITE
CASE NUMBER:   1:18cr00024

# ADDITIONAL SUPERVISED RELEASE TERMS

1. Defendant shall not use or possess controlled substances except as prescribed by a licensed medical practitioner for a legitimate medical purpose;

2. Defendant shall make periodic payments of at least ten (10%) percent of his gross monthly income toward any outstanding balance of the monetary obligations imposed by this sentence. Payments shall be made in such amounts and at such times as directed by the Probation Office and approved by the court. The Probation Office shall address the defendant's 1) financial resources and assets, 2) earnings and income, and 3) financial obligations as they then exists in submitting any recommended payment schedule for court approval;

3. Defendant shall participate in a mental health treatment program and/or a sex offender treatment program as approved and directed by his probation officer. Defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph testing to determine if he is in compliance with the conditions of release. The Probation Office is authorized to release the defendant's presentence report to the treatment provided if so requested;

4. Defendant shall participate in a program of testing and, if necessary, treatment for substance abuse as directed by the probation officer, until defendant is released from the program by the probation officer. Defendant shall submit to one drug urinalysis within 15 days of being placed on supervision and at least two periodic tests thereafter. Defendant shall contribute to the cost of services for any treatment in an amount determined to be reasonable by the probation officer, but not to exceed the actual cost of such treatment;

5. Defendant shall not purchase, possess and/or use any substance(s) designed to simulate or alter in any way his own urine specimen. Defendant likewise shall not purchase, possess and/or use any device(s) designed to submit a urine specimen from another individual;

6. With the exception of brief, unanticipated, and incidental contacts, defendant shall not associate with children under the age of 18 except for family members or children in the presence of an adult who has been approved by the probation officer;

7. Defendant shall not possess or access with the intent to view any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography as defined at Title 18, United States Code, Section 2256(8);

8. In accordance with Title 18, United States Code, Sections 3563(a)(8), 3583(d) and 4042(c)(4), and the Sex Offender Registration and Notification Act (SORNA) at Title 42, United States Code, Section 16901, defendant shall report the address at which he will reside and any subsequent change of address to the probation officer responsible for his supervision. Further, defendant shall register as a convicted sex offender in any state in which he resides, is employed, carries on a vocation, or is a student;

DEFENDANT   TERRY CHASE WHITE
CASE NUMBER:  1:18cr00024

# ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

9. Defendant s permitted to possess and/or use a computer and is allowed access to the internet. However, defendant is not permitted to use a computer, or other electronic devices, including a cell phone, to access child pornography or to communicate with any individual or group for the purpose of promoting sexual relations with children. Defendant shall consent to the installation of any hardware/software to monitor any computer, or other electronic communication or data storage devices used by defendant to confirm defendant's compliance with this condition. Defendant shall consent to periodic inspection of any such installed hardware/software to insure it is functioning properly. Defendant shall pay the monitoring costs as directed by the probation/pretrial services officer. Furthermore, defendant shall consent to periodic unannounced examinations by the probation officer of any computers, cell phones, or other electronic communication or data storage devices to which defendant has access, to confirm defendant's compliance with this condition. Additionally, defendant shall consent to the seizure and removal of hardware and data storage media for further analysis by the probation officer, based upon reasonable suspicion of a violation of the conditions of supervision or unlawful conduct by defendant. Defendant's failure to submit to the monitoring and/or search of computers and other electronic communication or date storage devices used by defendant may be grounds for revocation;

10. Defendant shall provide the Probation Office with accurate information about his entire computer system, including all hardware and software, as well as all other electronic communication or data storage devises or media.  This shall include disclosure of all passwords used by defendant and the identity, passwords and any requested information about any internet service provider used by defendant. Defendant shall comply with all rules of the computer restriction and monitoring program;

11. Defendant may use a computer in connection with any employment approved by the probation officer, provided defendant notifies the employer of the nature of his conviction.  The probation officer shall confirm defendant's compliance with this notification requirement;

12. Defendant shall not enter into a rental agreement and/or purchase computers, cell phones, or electronic communication or data storage devices without the consent of the probation officer.  Defendant likewise shall not make excessive and/or unexplained purchases of items ordinarily related to children under the age of 18, without approval of the probation officer;

13. Defendant shall not photograph and/or videotape any children under the age of 18 without the written consent of their parent or legal guardian who at the time of consent must be aware of the nature of defendant's prior criminal history and convictions(s) and the approval of the probation officer;

14. Defendant shall submit to his person, property, residence, vehicle, papers, place of business and/or place of employment to a warrantless search conducted and controlled by the united states probation office, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release.  Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition; and

15. Pursuant to 28 C.F.R. § 28.12, the DNA Fingerprint Act of 2005 and the Adam Walsh Child Protection and Safety Act of 2006, defendant shall cooperate in the collection of DNA as directed by the United States Probation Office.

DEFENDANT TERRY CHASE WHITE
CASE NUMBER: 1:18cr00024

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ | $ 3,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| "Fiona" | | $1,500.00 | |
| Marsh Law Firm | | | |
| Attn: Erin and Fiona | | | |
| PO Box 4668 | | | |
| #65135 | | | |
| New York, NY 10163-4668 | | | |
| "Tara" | | $1,500.00 | |
| (address on file with Clerk's Office) | | | |
| TOTALS | $ 0.00 | $ 3,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the ☐ fine ☑ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT  TERRY CHASE WHITE
CASE NUMBER:  1:18cr00024

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒  Lump sum payment of $ 100.00 due immediately, balance due

    ☐  not later than _____ , or
    ☒  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☒ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

    The defendant shall make payments toward the monetary obligations imposed by this sentence from any wages he earns in prison in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program. Any portion of the monetary obligations not paid at the time of the defendant's release from imprisonment shall be paid as a condition of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
    the property identified in the Preliminary Order of Criminal Forfeiture filed on July 29, 2019, is forfeited to the United States.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.